**No. 25-5327**

# United States Court of Appeals for the Ninth Circuit

_____

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, et al.,

*Plaintiffs-Appellants*,

v.

LAUREN SANCHEZ, in her official capacity as
Chair of the California Air Resources Board, et al.,

*Defendants-Appellees*.

_____

**\*\* EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 \*\***

**EMERGENCY MOTION FOR ASSIGNMENT OF MERITS PANEL AND EXPEDITED CONSIDERATION OF MOTION FOR INJUNCTION PENDING APPEAL**

**\*\* RELIEF REQUESTED BY OCTOBER 31, 2025 \*\***

_____

Stephanie A. Maloney
Kevin Palmer
CHAMBER OF COMMERCE OF
    UNITED STATES OF AMERICA
1615 H St., N.W.
Washington, DC 20062
(202) 659-6000

*Counsel for Plaintiff-Appellant
Chamber of Commerce of the
United States of America*

Eugene Scalia
Jonathan C. Bond
Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500
EScalia@gibsondunn.com

Bradley J. Hamburger
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071
(213) 229-7000

*Counsel for
Plaintiffs-Appellants*

# CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Circuit Rule 27-3, undersigned counsel certifies the following:

## (i) Attorneys for the Parties

*Counsel for Plaintiffs-Appellants:*

Eugene Scalia
Jonathan C. Bond
Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500
EScalia@gibsondunn.com
JBond@gibsondunn.com
BRichman@gibsondunn.com

Bradley J. Hamburger
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
BHamburger@gibsondunn.com

Stephanie A. Maloney
Kevin Palmer
CHAMBER OF COMMERCE
OF THE UNITED STATES OF AMERICA
1615 H Street, N.W.
Washington, DC 20062
(202) 659-6000
SMaloney@uschamber.com
KPalmer@uschamber.com

i

*Counsel for Defendants-Appellees:*

Rob Bonta, Attorney General of California
Annadel A. Almendras, Senior Assistant Attorney General
Myung J. Park, Laura J. Zuckerman, Supervising Deputy Attorneys General
Caitlan McLoon, Katherine Gaumond, Emily Hajarizadeh, M. Elaine Meckenstock, Dylan Redor, Elizabeth Song, Deputy Attorneys General
CALIFORNIA DEPARTMENT OF JUSTICE
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6438
Caitlan.McLoon@doj.ca.gov

## (ii) Nature of the Emergency

This motion seeks expedited assignment of this appeal to a merits panel and expedited consideration of Plaintiffs' pending motion for an injunction pending appeal. Plaintiffs face imminent and irreparable First Amendment harm because California Senate Bills 253 and 261 require covered companies to publish State-mandated reports as soon as January 1, 2026, compelling them to speak the State's preferred views on climate change, and Plaintiffs' members are currently incurring unrecoverable compliance costs. On October 23, 2025, the motions panel referred Plaintiffs' request for injunctive relief to the merits panel (which to Plaintiffs' knowledge has yet to be assigned), leaving no tribunal presently available to rule as the reporting deadline approaches. Dkt. 28.1. Immediate

assignment is necessary to allow a panel to act by November 3, 2025, the date by which Plaintiffs requested a ruling to permit orderly Supreme Court review if necessary.

**(iii) Why the Motion Could Not Have Been Filed Earlier**

Plaintiffs moved for an injunction pending appeal on September 15, 2025, and diligently awaited action by the motions panel. Dkt. 6.1. The panel's October 23 referral order—without evident assignment of a merits panel—created the present procedural emergency. Dkt. 28.1. Plaintiffs filed this motion promptly after the October 23 order.

**(iv) Notice to and Position of the Other Parties**

Counsel for Plaintiffs-Appellants notified counsel for Defendants-Appellees of this motion by email on October 27, 2025, and served this motion electronically via the Court's CM/ECF system on the same date. Counsel for Defendants-Appellees indicated "Defendants-Appellees take no position and defer to the discretion of the Court."

**(v) Relief Sought Below**

Plaintiffs previously sought an injunction pending appeal in the district court, which denied that motion on September 11, 2025. The present motion concerns only the appellate Court's internal assignment and scheduling of the pending injunction motion and does not request relief that could be obtained in the district court.

Dated: October 27, 2025

 *s/ Eugene Scalia*  
Eugene Scalia  
*Counsel for Plaintiffs-Appellants*

# EMERGENCY MOTION FOR ASSIGNMENT OF MERITS PANEL AND EXPEDITED CONSIDERATION OF MOTION FOR INJUNCTION PENDING APPEAL

This case presents a First Amendment challenge to California statutes that will force Plaintiffs' members to speak publicly on controversial matters as soon as January 1, 2026; already, the laws are imposing substantial and unrecoverable compliance costs. On September 15, 2025, Plaintiffs moved this Court for an injunction pending appeal, requesting relief by November 3. Dkt. 6.1. As of October 2, that motion was fully briefed; on October 23, a motions panel of this Court referred it to the merits panel that will resolve this appeal. Dkt. 28.1. Because the January 1 reporting deadline is quickly approaching and the compelled speech, once made, cannot be undone, Plaintiffs face irreparable harm absent prompt action from this Court. Plaintiffs therefore respectfully ask that the Court (1) expedite assignment of this appeal to a merits panel and (2) expedite consideration of Plaintiffs' pending motion for an injunction pending appeal.

1. Plaintiffs' appeal challenges the denial of a preliminary injunction to prevent enforcement of California Senate Bills 253 and 261, which will compel companies nationwide to speak publicly about climate

1

change on terms dictated by the State. SB 261 requires thousands of companies to publish reports on or before January 1, 2026, with the State's reporting portal opening December 1. *See* Cal. Health & Safety Code § 38533(b)(1)(A); 3-ER-344. SB 253 will require additional burdensome reports in June 2026. 2-ER-54; 2-ER-106.

2. On September 15, in light of the imminent statutory reporting deadlines, Plaintiffs moved for an injunction pending appeal. Dkt. 6.1. Plaintiffs requested a ruling on that motion by November 3, to allow adequate time to seek relief from the Supreme Court if necessary before the January 1 reporting deadline. Briefing on the motion was completed October 2.

3. Three weeks later, on October 23, the motions panel issued an order stating that the motion "is referred to the panel that will be assigned to decide the merits of this appeal." Dkt. 28.1. There is no indication that a merits panel has been assigned, and the October 23 order's language ("will be") suggests that no merits panel has yet been assigned.

4. Until a merits panel is assigned, Plaintiffs' time-sensitive motion for an injunction pending appeal will thus remain unadjudicated.

And unless a merits panel is assigned expeditiously and acts on the motion promptly, Plaintiffs will be unable to obtain relief from this Court before SB 261's January 1 reporting deadline. In practical effect, that would amount to a denial of Plaintiffs' motion without any determination by this Court of the motion's merits.

5. In light of the October 23 order, Plaintiffs therefore respectfully request immediate assignment to a merits panel and expedited consideration of their motion for an injunction pending appeal. To be clear, Plaintiffs do not seek to defer resolution of their motion until the merits panel is prepared to decide the appeal; Plaintiffs request a ruling on the motion much sooner. They seek assignment of a merits panel only because the motions panel's order means Plaintiffs' motion will otherwise remain unresolved.\*

---

\* To the extent assigning a merits panel requires placing the case on an argument calendar, Plaintiffs respectfully request immediate placement on such a calendar and stand ready to argue the appeal (and the motion, if the Court deems necessary) at any time. This appeal will be fully briefed by November 6, 2025. But the resolution of Plaintiffs' time-sensitive motion for an injunction pending appeal need not be deferred pending oral argument, and Plaintiffs do not believe that argument is necessary to decide the motion.

3

6. Immediate assignment—or any other action necessary to ensure prompt resolution of the motion—is essential so that this Court can consider and rule on Plaintiffs' motion for an injunction pending appeal by the requested decision date of November 3, 2025.

7. Absent the Court's issuance of an injunction pending appeal, Plaintiffs intend to seek relief from the Supreme Court on November 10 to protect their First Amendment rights. Plaintiffs intend to seek relief on that date to ensure that the Supreme Court has adequate time to consider the matter on a reasonable timeline and act in advance of the January 1 reporting deadline, rather than be forced to confront the matter in an avoidable emergency posture.

Respectfully submitted,

Dated: October 27, 2025     *s/ Eugene Scalia*

Stephanie A. Maloney
Kevin Palmer
CHAMBER OF COMMERCE OF
    UNITED STATES OF AMERICA
1615 H St., N.W.
Washington, DC 20062
(202) 659-6000

*Counsel for Plaintiff-Appellant Chamber of Commerce of the United States of America*

Eugene Scalia
Jonathan C. Bond
Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500
EScalia@gibsondunn.com

Bradley J. Hamburger
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071
(213) 229-7000

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Ninth Circuit Rules 27-1(1)(d) and 32-3 because it contains 635 words, excluding the portions exempted by Ninth Circuit Rule 27-1(1)(d) and Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).  This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure (27)(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook font.

Dated:  October 27, 2025

 *s/ Eugene Scalia*
Eugene Scalia
*Counsel for Plaintiffs-Appellants*
