

CALIFORNIA

**DEPARTMENT** OF **JUSTICE**

**Rob Bonta**
*Attorney General*

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000
Telephone: (213) 269-6438
Facsimile: (916) 731-2128
E-Mail: Caitlan.McLoon@doj.ca.gov

April 8, 2026

<u>**Via E-Filing**</u>

Ms. Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:   *U.S. Chamber of Commerce, et al. v. Sanchez, et al.*, Case No. 25-5327
      Response to Plaintiffs-Appellants' Rule 28(j) Notice Re: *Chiles v. Salazar*

      (Argued and submitted January 9, 2026 before Judges Nguyen, Bennett, and
      Matsumoto)

Dear Ms. Dwyer:

The Supreme Court's decision in *Chiles v. Salazar*, No. 24-539 (Mar. 31,

2026), is inapposite. The *Chiles* opinion does not purport to address the

boundaries of the commercial speech doctrine, the central question here. Instead,

*Chiles* addressed a "narrow" question (Op. 7)—whether a state law banning

conversion therapy regulated only speech incident to professional conduct and was

thus subject to rational basis review. Op. 6. In considering this restriction on

speech, the Court's analysis focused on the distinction between speech and conduct

April 8, 2026
Page 2

(Op. 11-17) and whether to recognize a new exception for professional speech (Op. 18-22). None of those issues are relevant here.

Plaintiffs' attempts to extrapolate from *Chiles* fail. Its first two arguments—about the reluctance to "mark off new categories of speech for diminished constitutional protection" and the need for a historical pedigree before recognizing such a new category (Op. 18)—are not on point because commercial speech is not a new category. Commercial speech has long been recognized as an exception to strict scrutiny, and the State's primary argument is that the disclosures at issue here fall within that exception. Answering Br. 22-23. None of the language quoted by Plaintiffs reflects a change in the law or undermines this Court's decisions, including *Pharmaceutical Research and Manufacturers of America v. Stolfi*, 153 F.4th 795 (9th Cir. 2025), which remain binding. And the statutes at issue here do not depend on some new, expansive "First Amendment Free Zone." Op. 19. They satisfy the existing commercial speech test because the evidence convincingly establishes that the disclosures here are necessary for investors and other stakeholders to price risk and evaluate financial products. Answering Br. 25.

Plaintiffs' third argument is even further afield. *Chiles* restated the basic proposition that *Zauderer* applies to disclosure of "factual, noncontroversial information in commercial speech." Op. 18. The Supreme Court had no occasion

April 8, 2026
Page 3

to consider what counts as commercial speech or whether the rule includes freestanding reports. Plaintiffs attempt to read its erroneous interpretation into the preposition "*in*," but this Court should not assume that *Chiles* implicitly imposed new limitations on *Zauderer* without any meaningful discussion.

Sincerely,

*/s/ Caitlan McLoon*

CAITLAN MCLOON
Deputy Attorney General

For    DEFENDANTS-APPELLEES

cc: All Counsel of Record (via ACMS)