GIBSON DUNN

Eugene Scalia
Partner
T: +1 202.955.8500
escalia@gibsondunn.com

VIA ELECTRONIC FILING (ACMS)

May 19, 2026

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *United States Chamber of Commerce* v. *Sanchez*, No. 25-5327

Dear Ms. Dwyer:

Pursuant to Rule 28(j), Plaintiffs-Appellants submit the Fourth Circuit's May 15, 2026 decision in *Retail Energy Advancement League* v. *Brown*, No. 25-1012 (attached), instructing the district court to preliminarily enjoin a Maryland statute that barred companies from marketing electricity as "green" unless the electricity met a government-approved definition. This decision supports Plaintiffs-Appellants' request for preliminary injunctive relief here, which is particularly necessary given that reporting under SB 253 is required as soon as August 10.

*First*, *Retail Energy* confirms that a State must show "an adequate fit" between a law regulating speech and the asserted state interest (not merely some "link"), as well as a material alleviation of the identified harm. Op. 16. Unlike California here, Maryland at least attempted tailoring, crafting specific criteria for determining whether a particular product—electricity—was "green." Op. 6-7. Yet the Fourth Circuit still found no "logical correlation" between the objective of preventing consumer confusion and the statute's restrictions, which turned on *where* renewable energy credits were generated. Op. 16-19. Here, California's broad off-the-shelf speech mandates do not match any asserted interest in a targeted way. California requires all large

businesses in all industries to publicly report on the same matters, regardless of their products, activities, investors, or climate-related statements. Br. 47-68; Reply 21-34.

*Second*, *Retail Energy* held there is a "high bar" for deeming speech inherently misleading and rejected Maryland's attempt to treat "green" marketing as misleading based on the State's own definition of "green." Op. 11-12. That supports Plaintiffs-Appellants' argument that California cannot justify SB 261 and SB 253 by relabeling truthful speech as deceptive through arbitrary "greenwashing" criteria (such as opposition to certain climate-related legislation) that are disconnected from any actual false or misleading speech. Br. 49-54; Reply 22-25.

*Third*, *Retail Energy* held that a government's justification must be "genuine, not hypothesized or invented *post hoc* in response to litigation." Op. 14. That supports Plaintiffs-Appellants' challenge to California's shifting invocation of fraud prevention, investor information, and emissions reduction, none of which explains the laws California actually enacted. Br. 47-68; Reply 21-34.

Respectfully submitted,

*/s/ Eugene Scalia*

Eugene Scalia

*Counsel for Plaintiffs-Appellants*

cc: All Counsel of Record (via ACMS)