CALIFORNIA
DEPARTMENT OF JUSTICE

**Rob Bonta**
***Attorney General***

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102
Telephone: (415) 510-4439
Facsimile: (415) 703-1234
E-Mail: Katherine.Gaumond@doj.ca.gov

May 22, 2026

**Via E-Filing**

Ms. Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *U.S. Chamber of Commerce, et al. v. Sanchez, et al.*, Case No. 25-5327
Response to Plaintiffs-Appellants' Rule 28(j) Notice Re: *Retail Energy Advancement League v. Brown*

(Argued and submitted January 9, 2026, before Judges Nguyen, Bennett, and Matsumoto)

Dear Ms. Dwyer:

The Fourth Circuit's decision in *Retail Energy Advancement League v. Brown* is inapposite. It did not invalidate a disclosure requirement like those imposed by the statutes at issue here. Reviewing a Maryland law, it applied intermediate scrutiny to enjoin the law's speech *restriction* preventing energy companies from marketing their electricity as "clean" or "green" if they fail to meet certain criteria. Op. 6. The court recognized that Maryland had a substantial interest in protecting consumers from misleading information about renewable

energy, Op. 13-15, but held that the restriction failed to address that interest because it targeted "too little speech," Op. 19-20. The Fourth Circuit did not reach the challenge to the law's recently amended disclosure requirements; the court remanded for the district court to address those disclosure requirements under *Zauderer*. Op. 21-26. Nothing in *Retail Energy* supports Plaintiffs' arguments here.

First, the court's analysis of the Maryland law's "fit" was specific to the facts of that speech restriction and has no bearing on California's fundamentally different disclosure requirements. Op. 16-20. Indeed, the Fourth Circuit noted that the Maryland law's disclosure requirements, not the law's speech restriction, did "all of the work of resolving consumer confusion." Op. 18. Here, ample evidence demonstrates how California's laws fit its interests in preventing misleading speech and consumer confusion, in addition to others like meeting investors' needs. Answering Br. 39-41, 45, 48-50, 58-63. California's laws serve those interests by preventing the information gaps specifically identified by consumers and investors.

Second, the "high bar" for misleading speech to which Plaintiffs refer applies only to determining whether speech is so misleading it should receive no First Amendment protection—an issue not presented here. Op. 11-13. As the

Fourth Circuit recognized, Op. 13, *preventing* misleading speech remains a substantial interest, Answering Br. 46-50, 62-63.

Third, unlike the state interest in promoting renewable energy that the Fourth Circuit determined was forfeited, Op. 13-15, California has consistently asserted its interests, Answering Br. 13-14. And far from a post hoc justification, each of California's interests are supported with evidence from the legislative process. Answering Br. 4-6, 36-37.

Sincerely,

*/s/ Katherine Gaumond*

KATHERINE GAUMOND
Deputy Attorney General

For DEFENDANTS-APPELLEES

cc: All Counsel of Record (via ACMS)